IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION NO. 05-619-1 |
| v. | : | |
| | : | CIVIL ACTION NO. 12-1539 |
| ROBERT WRIGHT, | : | |
| **Defendant** | : | |

## MEMORANDUM OPINION

RUFE, J.                                                                                                           OCTOBER 18, 2013

Before the Court is Defendant Robert Wright's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255, his Motion for Expansion of Record, his Motion for Leave to Conduct Discovery, and his Injunctive Motion for Leave to Amend, and the relevant briefing from both sides. For the reasons that follow, Defendant's motions will be denied.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 2006, Defendant entered a plea of guilty to two counts of distributing cocaine and one count of distributing and aiding and abetting the distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. On March 27, 2007, he was sentenced to 235 months of imprisonment, six years of supervised release, a fine of $10,000, and a special assessment of $300.

Petitioner's sentence was at the upper end of the range recommended by the United States Sentencing Guidelines, a range that extended to 235 months because five prior felony convictions qualified him as a "career offender" within the meaning of U.S.S.G. § 4B1.1 and

because the prior convictions increased the statutory maximum penalty to thirty years. 21 U.S.C. § 841(b)(1)(C).[1]

Petitioner appealed, and his sentence and conviction were affirmed.[2] The pending motions before this Court followed.

**II.   DISCUSSION**

As a part of his guilty plea, Defendant waived his appellate rights. This waiver means that Defendant is strictly limited in the types of claims he may bring in his § 2255 motion. One cognizable issue is ineffective assistance of counsel at the sentencing hearing, and he has alleged three such claims: first, counsel did not object to the Government's use of evidence at sentencing that was not revealed at Defendant's plea hearing; second, counsel did not object to the use of prior uncounseled convictions to enhance Defendant's sentence; and third, counsel litigated Defendant's case in a manner that Defendant sees as insufficiently aggressive. In addition to his ineffective assistance of counsel claims, Defendant has sought leave to amend his § 2255 motion to include additional charges that his sentencing hearing was constitutionally deficient.

**A.  Ineffective Assistance of Counsel Claims**

The Sixth Amendment guarantees not only that all criminal defendants are entitled to counsel, but also that their counsel will be effective.[3] In order to make out a claim of ineffective assistance, "the defendant must show that counsel's performance was deficient," meaning "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

---

[1] These prior convictions occurred in the Court of Common Pleas of Philadelphia. The first was finalized when Defendant was sentenced on April 15, 1994. The second conviction was finalized on May 9, 1996, when he was sentenced for a drug crime to which he had pleaded guilty on April 24, 1996. The three remaining convictions were also finalized on May 9, 1996, after guilty pleas on the same day.

[2] *United States v. Wright*, 419 Fed. App'x. 251 (3d Cir. 2011).

[3] *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970).

defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense."[4] Defendant's three claims of ineffective assistance fail.

   1. *Use of Conduct Outside the Scope of Guilty Plea in Sentencing Determination*

Defendant entered an "open" guilty plea, meaning that the Government did not offer to recommend a specific sentence. Defendant states that he thought that the only evidence the Government would adduce at his sentencing hearing would be the same evidence introduced at his plea hearing, namely, evidence of the offense of conviction. Instead, the Government introduced evidence of prior convictions for drug-related offenses that significantly increased the guidelines range. Defendant argues that it was ineffective for his counsel not to object to the Government's offer of evidence that made Defendant eligible for a steeper sentence than what he would have received based solely on the offense conduct. He also argues that it was ineffective for counsel to fail to explain to him that his sentence could reflect conduct outside the scope of his guilty plea.

The record reflects that Defendant's stated expectation that only evidence from the offense of conviction would be used to calculate his sentence was unreasonable and untrue. At a minimum, it was not ineffective for counsel to believe that Defendant fully understood that evidence beyond what was admitted at the plea hearing would be introduced at the sentencing hearing. At his plea hearing, the Court made it clear to Defendant that additional evidence would be heard at his sentencing hearing:

> THE COURT: I [will] order that the Probation Department prepare a Pre-Sentence Report which will recommend a calculation, which will prepare a report on your background, and the background of this case to give me all the information that I need to impose a sentence under the sentencing statute, *which incorporates not only the offense, but also your information and history*; do you understand that?

---

[4] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

3

THE DEFENDANT: Yes, ma'am.

. . .

THE COURT: You also have a right, *along with the Government*, at sentencing to produce any kind of evidence you choose -- letters, witnesses, documents, information that would be of interest to the Court and important and relevant to calculating a fair sentence; do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: So until all of those things occur, we do not know what your sentence would be. We have no way of calculating that or predicting that at this time; do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Therefore, since there is no understanding between -- and no agreement -- between you and the Government that you have a specific sentence, and there's no recommendation, if I impose a legal sentence you have no recourse, you can't withdraw your guilty plea because you don't like my sentence; do you understand that?

THE DEFENDANT: Yes, ma'am.[5]

Later in the plea hearing, the prosecutor informed Defendant that the maximum sentence he could face would be ninety years' imprisonment, a lifetime of supervised release, a $6,000,000 fine, and a $300 special assessment. Asked if he understood these penalties, Defendant replied, "Yes, ma'am."[6]

Moreover, prior to his sentencing hearing, Senior U.S. Probation Officer Mark Hassinger prepared a Presentence Investigation Report that listed all five of allegedly uncounseled

---

[5] Hr'g Tr. 19:14–21, October 13, 2007 (emphasis added).

[6] *Id.* at 23:11.

convictions as part of Defendant's criminal history.[7] Defendant stated before this Court at the beginning of his sentencing hearing that he had read the presentence report and reviewed it with his attorney.[8]

Even if Defendant did not in fact understand that the Government could introduce additional evidence that could affect his sentence, it was not ineffective for counsel to believe Defendant's representations to the Court that he did understand as much.

*2. Prior Convictions*

The Sentencing Guidelines define a "career offender" as someone who is (1) over eighteen years old at the time of the conviction, (2) when the offense of conviction is a crime of violence or a controlled substance offense, and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[9] The parties only dispute whether the third requirement was met.

Before the offense of conviction, Defendant had been convicted in state court of five qualifying offenses for career offender purposes. It is undisputed that the April 15, 1994, conviction is a qualifying offense. Defendant was sentenced to the other four on May 9, 1996. He pleaded guilty to three of those four crimes on May 9, and he pleaded guilty to the fourth on April 24, 1996. Defendant asserts that he was abandoned by counsel at the May 9 hearing, and therefore the four crimes for which he was sentenced at that hearing should be disregarded for purposes of determining whether he is a career offender.

---

[7] Presentence Investigation Report, at ¶¶ 51–60.

[8] Hr'g Tr. 2:13–22, March 23, 2007.

[9] U.S.S.G. § 4B1.1.

Wright asserts that his counsel before this Court was ineffective for failing to object to the use of uncounseled prior convictions—those for which he was sentenced on May 9, 1996—in determining whether he was career offender. The Government responds that 1) the convictions were counseled; and 2) that even if they were uncounseled, Wright suffered no prejudice because he pleaded guilty to one qualifying offense on April 24, 1996, in the presence of counsel, and considering that conviction with the undisputed April 15, 1994, conviction, the Court may conclude that Defendant had two other counseled qualifying convictions. The Court holds that pursuant to *Custis v. United States*,[10] Wright cannot challenge his state court convictions in this § 2255 motion because in substance he argues not that the Commonwealth failed to afford him a lawyer, but that his counsel provided ineffective assistance by abandoning Wright at sentencing.[11]

Although "[a] defendant may challenge a prior conviction as the product of a *Gideon* violation in a § 2255 motion,"[12] he may not challenge a prior conviction as the product of a *Strickland* violation.[13] The Supreme Court has held that "failure to appoint counsel for an indigent defendant [is] a unique constitutional defect,"[14] but Defendant here does not argue that the state failed to appoint counsel in his 1996 convictions; he argues at most that his counsel

---

[10] 511 U.S. 485 (1994).

[11] Criminal defendants are entitled to assistance of counsel at every critical stage of a criminal proceeding, including sentencing. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385–86 (2012). The Government overreaches in arguing that the April 24, 1996, guilty plea resulted in a valid conviction regardless of whether the sentencing was counseled. Accepting the Government's position would impermissibly insulate from collateral review a state's denial of counsel to a defendant at a sentencing hearing. *Cf. Custis v. United States*, 511 U.S. 485, 495 (1994) ("[T]he admission of a prior criminal conviction that is constitutionally infirm under the standards of *Gideon* is inherently prejudicial and to permit use of such a tainted prior conviction for sentence enhancement would undermine the principle of *Gideon*.").

[12] *Daniels v. United States*, 532 U.S. 374, 382 (2001).

[13] *Custis*, 511 U.S. at 496.

[14] *Id.*

abandoned him at a critical stage. *Custis* makes clear that such a claim cannot be attacked collaterally at a sentencing hearing.[15] Therefore, it cannot have been ineffective for his counsel not to challenge the state-court convictions at the sentencing hearing before this Court.

### 3. Insufficiently Zealous Defense

In Defendant's "Supplemental Addendum to Memorandum of Law," he alleges for a variety of reasons that his counsel failed to litigate zealously on his behalf. All these new claims fail.

Defendant first complains that his counsel failed to secure his presence at the Grand Jury's proceedings. But Federal Rule of Criminal Procedure 6(d) lists the only people who may be present during Grand Jury proceedings, and it does not include the defendant.[16]

Next, Defendant argues that his counsel failed "to supply a meaningful challenge to the government's assertions and prosecution of the case"[17] and showed a "clear disinterest in, and disengagement from the adversarial process."[18] He argues specifically that his counsel did not make pretrial motions pursuant to Federal Rule of Criminal Procedure 16. However, the absence of motions practice contributed to the Government's consent to a two-point reduction in Defendant's Guidelines calculation.[19] If anything, then, it appears that counsel's decision not to engage in aggressive motions practice did not prejudice but in fact benefitted Defendant.

---

[15] *Id.* at 490–91.

[16] Fed. R. Crim. P. 6(d)(1)–(2) ("The following persons may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device. . . . No person other than the jurors, and any interpreter needed to assist a hearing-impaired or speech-impaired juror, may be present while the grand jury is deliberating or voting.").

[17] Doc. No. 612 at 12.

[18] *Id.* at 13.

[19] Hr'g Tr. 12:1–4, October 13, 2007.

Defendant also alleges that trial counsel was ineffective in failing to seek *Brady* material from the Government. However, he fails to allege that any *Brady* material exists. In fact, he alleges only that "[t]he Government may or may not have Brady materials to disclose."[20] Therefore, Defendant cannot demonstrate that he was prejudiced by this alleged deficient performance of counsel.

Finally, Defendant complains that a scheduling delay occasioned by his counsel's need to appear at another trial deprived Defendant of his right to a speedy trial. Defendant has failed to allege that his right to a speedy trial, whether under the Sixth Amendment or the Speedy Trial Act, was violated. He does not specify how long the delay was and whether he suffered any prejudice from it. In the absence of a plausible allegation that Defense counsel's delay unduly prejudiced Defendant, the Court cannot discern any speedy trial violation or ineffective assistance due to counsel's delay.

**B. Claims Raised in Injunctive Motion for Leave to Amend**

Defendant has filed an "Injunctive Motion for Leave to Amend,"[21] alleging that he can make out claims under "Alleyne, Deschamps, and particularly, Peugh." Because any claims based on these decisions were waived by his guilty plea and procedurally defaulted for failure to raise them on appeal, the motion for leave to amend will be denied.[22]

---

[20] *Id.* at 20.

[21] Doc. No. 616.

[22] Furthermore, the Court has serious doubts that these claims have merit. *Descamps* specified the procedures for determining whether a defendant is an armed career criminal for the purposes of 18 U.S.C. § 924(e), a statute not relevant here. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).
  *Alleyne* held that any fact *other than a prior conviction* that increases a statutory mandatory minimum must be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151, 2160 & n.1 (2013). Defendant's guidelines range was increased because he was a "career offender," within the meaning of U.S.S.G. § 4B1.1, a fact proved because of prior convictions; therefore, there could be no violation of the principles outlined in *Alleyne* and related cases.
  And finally, *Peugh* held that "[a] retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation." *Peugh v. United States*, 133 S.

### III. CONCLUSION

For the foregoing reasons, Defendant's § 2255 motion and his Injunctive Motion for Leave to Amend will be denied. Because he has not shown that discovery will lead to any likelihood that he may prevail on any claim, his Motion for Expansion of Record and Motion for Leave to Conduct Discovery will also be denied. Because reasonable jurists could not debate whether this motion should have been resolved differently, a certificate of appealability will not issue.[23] An appropriate Order follows.

---

Ct. 2072, 2084 (2013). Wright was sentenced pursuant to the guidelines in effect at the time of his offenses. The Court has reviewed the Guidelines in effect from September 29, 2004, through May 2, 2005 (the earliest and latest dates of the offenses to which he pleaded guilty), and under whatever edition of the Guidelines used, the recommended sentencing range for Defendant is 188–235 months. Furthermore, under the statute providing the penalty for Wright's crimes in effect at the time of his offenses, Wright could have been sentenced on each count to which he pleaded guilty to "a term of imprisonment of not more than 30 years." 21 U.S.C. § 841(b)(1)(C) (as amended, Nov. 2, 2002, effective through March 8, 2006).

[23] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).